UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIM. NO. 04-30046-MAP |
| vs. | ) |
| ALBERT INNARELLI, ET AL., | ) |
| Defendants. | ) |

### GOVERNMENT'S OBJECTION TO MOTION TO EXTEND TIME

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this objection to defendant McCarthy's Motion to Extend time to file a motion to dismiss. The Government opposes the motion because defendant McCarthy should be able to file his motion to dismiss without copies of certain requested loan files. In support of its objection, the Government states as follows:

1.  Defendant McCarthy was initially indicted in September, 2004. Defendant McCarthy retained private counsel to defend himself against the indictment. Since September, 2004, the Government made available to defendant McCarthy all of the loan files involved in this case.

1

2. The Government never designated The Maverick Group as the official copy center. Instead, several other defendants used The Maverick Group to copy loan files. Since The Maverick Group was already in possession of many of the loan files, the Government simply passed the requests of other defendants onto The Maverick Group.

3. It has been the obligation of each defendant to contact The Maverick Group and set up an account. It also has been the obligation of each defendant to insure that they received all of their requested copies from The Maverick Group.

4. On December 13, 2005, the Government received the attached letter, designated as Exhibit 1, from defendant McCarthy. The letter made no indication of any problems with The Maverick Group.

5. On February 24, 2006, the Government received the attached letter, designated as Exhibit 2, from defendant McCarthy. The letter greatly expanded the number of loan files requested since December 13, 2005, and indicated a lack of responsiveness by The Maverick Group for the first time. Three days later, defendant McCarthy filed his request for an extension of time.

6. The Government objects to an extension of the time to file a motion to dismiss. First, defendant McCarthy has not indicated how his motion to dismiss hinges upon his receipt of

the requested loan files. The failure to receive the requested loan files does not prevent a motion to dismiss that challenges the indictment on legal grounds. Of course, in filing such a motion, defendant McCarthy must overcome the strong presumption of regularity that attaches to both an initial indictment and a superseding indictment. <u>United States v. Flemmi</u>, 245 F.3d 24, 28 (1st Cir. 2001). Defendant McCarthy has not even proffered a hint of how he proposes to do that. If defendant McCarthy intends to file a motion to dismiss based upon insufficiency of the evidence, such a motion is addressed more appropriately during the Rule 29 hearings.

7.   Second, the failure of defendant McCarthy to obtain certain loan files is not the fault of the Government. Defendant McCarthy has had almost a year and a half to obtain copies of the various loan files. The obligation has always been upon each defendant to make sure that they obtained copies of their requested loan files. After all, they are the ones paying for the copies. Instead, now that the court has set a trial date of May 8, 2006, and the Government has set a deadline of March 24, 2006 for the defendants to enter into plea agreements in order to receive acceptance of responsibility, some defendants appear to be scrambling a bit to do what they should have done earlier.

Filed this \_\_\_15th day of ~~January~~ March, 2006.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                              */s/ William M. Welch II*
                              WILLIAM M. WELCH II
                              Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                                Springfield, Massachusetts
                                            March 1, 2006

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by filing said motion and providing electronic notice to:

| | |
|---|---|
| Moira L. Buckley, Esq.<br>Shipman & Goodwin<br>One Constitutional Plaza<br>Hartford, CT  06103-1919 | Steven W. Leary, Esq.<br>95 State Street<br>Springfield, MA  01103 |
| Vincent A. Bongiorni, Esq.<br>95 State Street<br>Springfield, MA  01103 | Michael O. Jennings, Esq.<br>73 Chestnut Street<br>Springfield, MA  01105 |
| Maria Durant, Esq.<br>Dwyer & Collora<br>600 Atlantic Avenue<br>Boston, MA  02210 | Peter M. Murphy, Esq.<br>101 State Street, Ste. 715<br>Springfield, MA  01103 |
| Robert Santaniello, Jr., Esq.<br>Santaniello & Santaniello<br>83 State Street<br>Springfield, MA  01103 | Jack St. Clair, Esq.<br>73 Chestnut Street<br>Springfield, MA  01103 |
| Mark J. Albano, Esq.<br>Dalsey, Ferrara & Albano<br>73 State Street<br>Springfield, MA 01103 | Daniel D. Kelly, Esq.<br>101 State Street<br>Suite 715<br>Springfield, MA  01103 |
| Kevin G. Murphy, Esq.<br>115 State Street<br>Springfield, MA  01103 | Gary A. Ensor, Esq.<br>34 Bridge Street<br>South Hadley, MA  01075 |

                                                   /s/ William M. Welch II
                                           WILLIAM M. WELCH II
                                           Assistant United States Attorney

**SANTANIELLO & SANTANIELLO, LLC**

COUNSELLORS AT LAW
83 STATE STREET
THIRD FLOOR
SPRINGFIELD, MASSACHUSETTS 01103

TEL (413) 781-2132
FAX (413) 732-7515

ROBERT M. SANTANIELLO
ROBERT T. SANTANIELLO

EDWARD J. PARTYKA
OF COUNSEL

December 13, 2005

ASST U.S. ATTORNEY WILLIAM WELCH
U.S. FEDERAL COURTHOUSE
1550 Main Street
Springfield, MA 01103

RE:     U.S. v. Innarelli et al
        Docket No. - 04-30046-MAP

Dear Attrorney Welch:

As you know, this office represents Mark McCarthy in connection with the above-referenced matter.

In light of the Superceding Indictment, please accept this letter as a formal request for copies of the loan files and related documents for the following properties:

   *84 Andrew Street, Springfield, MA.
   *12-14 James Street, Springfield, MA

My understanding is that the document copier, The Maverick Group, Inc., will contact me when the documents are ready.

Thank you for your anticipated cooperation.

Very truly yours,

SANTANIELLO & SANTANIELLO, LLC

Robert T. Santaniello

RTS/rr

